# MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

### COUNSELORS AT LAW

ONE COMMERCE PLAZA
SUITE 1705
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, DC 20036
202-955-6340
FACSIMILE: 202-223-0358

990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NEW YORK 11530-9194
516-741-6565
FACSIMILE:  516-741-6706
E-MAIL:  meyersuozzi@msek.com
WEBSITE:  http://www.msek.com

1350 BROADWAY, SUITE 501
P.O. BOX 822
NEW YORK, NEW YORK 10018-0026
212-239-4999
FACSIMILE: 212-239-1311

425 BROADHOLLOW ROAD, SUITE 405
P.O. BOX 9064
MELVILLE, NEW YORK 11747-9064
631-249-6565
FACSIMILE: 631-777-6906

**ERICA B. GARAY**
MEMBER OF THE FIRM
DIRECT DIAL: 516-592-5770
E-MAIL: EGARAY@MSEK.COM

August 24, 2009

**VIA ECF**

Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza, P.O. Box 9014
Central Islip, New York 11722-9014

Re: *Blechman v. Ideal Health, Inc.*, 09-cv-2617 (JS)(ARL)

Dear Judge Lindsay:

This firm represents Plaintiff, Dean Blechman, in the above-referenced litigation.  I write regarding Your Honor's Order of August 21, 2009, which imposed a stay of all discovery in this action, and respectfully ask that the Court reconsider its Order, because it was issued without Plaintiff being given an opportunity to respond to Defendants' letter of August 20, 2009, which this Court treated as an application for a stay of discovery.

Around 6:00 p.m. on August 20, 2009, we received Defendants' over-length letter opposing Plaintiff's letter request for a Rule 16 conference dated nine days earlier.  Less than 24 hours later, Your Honor imposed a stay of all discovery in this action.  Not only had Defendants never moved for such relief, but if their letter could be viewed as seeking such relief, Plaintiff was never given the opportunity to respond.  Unfortunately a stay based upon Defendants' one-sided, incomplete and inaccurate recitation of the facts, was imposed.

For example, Defendants argued that discovery should be stayed in favor of their purportedly first-filed action in the District of Massachusetts.  Defendants fail to inform that Blechman moved to dismiss the Massachusetts Action on grounds of lack of personal jurisdiction and subject matter jurisdiction, failure to join indispensable parties, the joinder of which would destroy diversity, and failure to plead "mistake" with the requisite particularity, and seek a stay because of an arbitration clause.  Indeed, Defendants never moved to dismiss all of the causes of action in the New York Action, and thus, even if their motion to dismiss the instant lawsuit were granted, certain claims would survive and properly be the subject of discovery.  Additionally, Defendants mis-describe this suit as a "mirror-image" of the Massachusetts Action, when almost <u>none</u> of Blechman's claims herein is contained in the Massachusetts Action (*e.g.,* claims for accounting of compensation paid to

---------------------------------------------------------------------------------------------------------------------------------------
IRS Circular 230 disclosure:  Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

Hon. Arlene R. Lindsay
August 24, 2009
Page 2

Defendants by Ideal, disgorgement of distributions, an inspection of books and records and unjust enrichment).

Nor did Defendants advise that the Massachusetts Action was filed only days apart from the New York Action (and was served on Blechman after this suit was commenced), a situation in which the first-file rule often is disregarded. *Citibank, N.A. v. Affinity Processing Corp.,* 248 F.Supp.2d 172, 175 (E.D.N.Y. 2003). The Massachusetts Action primarily seeks declaratory relief and, under the law of this Circuit, such actions do not automatically receive "first-filed" deference. *Employers Ins. of Wausau v. Fox Entertainment Group, Inc.,* 522 F.3d 271, 275 (2d Cir. 2008). Defendants also failed to inform Your Honor that they secretly filed suit in Massachusetts while leading Plaintiff to believe they were engaged in good-faith settlement discussions, and timed the commencement of that action right before a deadline imposed by Plaintiff for production of documents and information concerning the excessive compensation believed to be paid to Defendants by Ideal. Such tactics lead courts to find "special circumstances" warranting disregard for a lawsuit's "first filed" status. *Employers, supra,* 522 F.3d at 276-77; *Spotless Enterps., Inc. v. The Accessory Corp.,* 415 F.Supp.2d 203, 206-07 (E.D.N.Y. 2006); *Nortek, Inc. v. Molnar,,* 36 F.Supp.2d 63, 70 (D.R.I. 1999); *EMC Corp. v. Roland,* 916 F.Supp. 51, 53 (D. Mass. 1996).

Perhaps most importantly, Defendants have failed to advise the Court that Plaintiff had suggested -- on more than one occasion -- that discovery in one action be used in the other, and Defendants have repeatedly rejected that suggestion. Thus, their argument that discovery should be stayed here to avoid "the needless expense of proceeding in two fora" is disingenuous, to say the least, as is their argument that the proper scope of discovery cannot be determined until the Massachusetts court rules on the pending motion to dismiss. Since Blechman has always agreed to coordinate discovery in the two actions, there is no danger of discovery abuse. Equally without merit is Defendants' contention that Plaintiff seeks discovery in this action "to gain some sort of preference" over the Massachusetts action. Plaintiff's counsel has already communicated to Defendants' counsel that Plaintiff would not use Defendants' participation in discovery to argue that Plaintiff is entitled to any such "preference." Defendants' attempt to mislead this Court is wholly improper.

Although Defendants inappropriately attempt to portray Plaintiff as making unreasonable demands, in fact, as an undisputed director and shareholder in Ideal, Plaintiff has an absolute right to review that corporation's books and records. *In re Leibinger-Roberts, Inc.*, 1988 U.S. Dist. LEXIS 15180 (E.D.N.Y., Nov. 19, 1988) at *8-9 (director's right to inspect corporation's books and records is "well settled"). Further, under Massachusetts law, which the parties agree applies here, Plaintiff, admittedly a director of Ideal, has a duty to ensure that any interested transaction (which the Defendants admittedly are engaged in here) is fair to the corporation. Massachusetts law imposes a duty of "utmost good faith and loyalty" on the shareholders, officers and directors of closely held corporations, such as Ideal. *Harrison v. NetCentric Corp.,* 433 Mass. 465, 469 (2001); *Donahue v. Rodd Electrotype Co.,* 367 Mass. 578, 592-94 (1975). Directors' fiduciary obligations include "duty of care and a duty of loyalty." *Demouslas v. Demoulas Super Markets, Inc.,* 424 Mass. 501, 528 (1977). Where, as here, Defendants wish the corporation to enter into a self-dealing transaction [such as the payments by Ideal to Defendants Infobroker and UIX, two entities controlled by the Individual Defendants], they must make a full and honest disclosure of all the known material facts of the proposed transaction and their conflict of interest; and then either receive the disinterested directors' or shareholders' assent to the transaction or prove that the transaction is fair to the corporation. *See Puritan*

Hon. Arlene R. Lindsay
August 24, 2009
Page 3

*Medical Center Inc v. Cashman,* 413 Mass. 167, 172 (1992)*; Demoulas, supra,* 424 Mass. at 531. Where there is no full disclosure of material facts, the fiduciary duty is breached if the defendants proceed with the transaction, regardless of whether the transaction is fair to the company. *Boylan v. Boston Sand & Gravel Co.,* 2007 WL 836753 (Mass. Super. Mar.16, 2007)(citations omitted). As a director, Blechman has exposure to claims by Ideal and/or its minority shareholders if he breaches his fiduciary duties of oversight. (Oddly, Defendants annexed to their letter a shareholder agreement not even signed by Blechman.)

In addition, Defendants inappropriately attempt to address the merits of the first claim for relief, purporting to show that Blechman is seeking additional equity in Ideal Health after he negotiated his severance agreement, when Defendants forced him out as Ideal Health's CEO. This is a complete misrepresentation of Plaintiff's claim. The President of Ideal confirmed in writing that Blechman would become an equal shareholder nearly *four months after* the negotiation of the Blechman severance agreement. Also, Defendants' false accusations about the discovery served when the case was in state court should not be heard unopposed.

Finally, Defendants argue that discovery should not go forward because Plaintiff cannot establish his entitlement to prejudgment attachment. That showing, of course, is for another day. But Defendants should not be heard to argue that Plaintiff cannot come forward with the requisite evidence, when, at the same time it seeks to deprive Plaintiff of that very evidence. Defendants' wholesale refusal to provide information now regarding financial information and the payments made to Infobroker and the Individual Defendants, is prejudicial in this regard as well, as it hampers the ability of Plaintiff to move for such pre-judgment relief.

By issuing a stay of discovery, Your Honor has unintentionally furthered Defendants' effort here to deprive Plaintiff of information regarding Ideal Health, in which he is indisputably a director, exposing him to liability under Massachusetts law. Regardless of which federal district this case hears the parties' claims, it is important that Plaintiff obtain discovery expeditiously. Defendants have concealed and continue to conceal the amount of payments made among themselves.

Defendants never sought, by motion, a stay of discovery and thus, Plaintiff never had an opportunity to brief their opposition to that relief. Indeed, it was precisely to discuss Defendants' position that they would not engage in discovery, that Plaintiff had sought a Rule 16 conference. Obviously, Defendants asked for a stay of all discovery in order to avoid having to produce basic economic information regarding Ideal. If Defendants' August 20 letter could be interpreted as a "letter motion," at a minimum, Plaintiff should have been given a right to respond.

Plaintiff respectfully requests that the Court reconsider its Order staying discovery, or at a minimum, lift the stay and allow Plaintiff the opportunity to be heard.

Respectfully yours,

/s/ *Erica B. Garay*
Erica B. Garay

cc: Devindra Kissoon, Esq. (Via ECF)

729710